# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

CHESROWN KIA OF NEWARK, INC.

        Plaintiff,

          vs.

KIA MOTORS AMERICA, INC., a California
Corporation

        Defendant.

Case No. 2:05 CV 554

**STIPULATED PROTECTIVE ORDER
AND CONFIDENTIALITY AGREEMENT**

Judge Sargus

Magistrate Judge King

WHEREAS, the information subject to this order is sought pursuant to the court rules governing this litigation in this Court; and

WHEREAS, no party to this litigation is a public entity or official, and this Action is solely between private litigants; and

WHEREAS, the proceedings in this Action may involve the production or disclosure of proprietary or confidential commercial information, the public disclosure of which would cause injury to the parties' interests and the interests of third parties; and

WHEREAS, the parties wish to provide for the protection of the confidentiality of such information; and

WHEREAS, the information to be sought is not of direct or material concern to the public health and safety and does not relate to issues of direct importance to the public; and

WHEREAS, the parties, through their respective counsel, have stipulated and agreed to the entry of this Protective Order governing the production and use of such documents and information, as well as any additional discovery conducted in this Action; and

NOW, THEREFORE, upon consent of the parties, it is hereby ORDERED THAT:

1.      As used herein, "Confidential Information" means sensitive information in the possession of a discovery respondent that contains customer, financial, or business information.

2.      As used herein, "Highly Confidential Information" shall include (a) financial, operational, sales, customer satisfaction, or marketing information concerning any dealer other than plaintiff, except for sales data that is otherwise publicly available; and (b) documents concerning the evaluation or analysis by Kia Motors America, Inc. ("KMA") of the performance of any Kia dealer other than plaintiff.

3.      If a party believes that any written, recorded or graphic material, tangible items or any other form of information that it produces in this action pursuant to discovery, Court order, or agreement of the parties contains Confidential or Highly Confidential Information, it may designate such material as such either by stamping the word "Confidential" or "Highly Confidential," as the case may be, on the first page thereof or by other means that notifies the parties that the information is subject to this Protective Order.

4.      Materials designated as Confidential or Highly Confidential and all writings which quote from, summarize or comment upon any such materials shall be treated as confidential as set forth in this Protective Order and shall be used solely for the prosecution or defense of this matter (including any appeals).

5.      All depositions, including any document marked as an exhibit or otherwise appended to the deposition, shall be treated as confidential under the terms of this Protective

2

Order if designated as Confidential or Highly Confidential at any time during a deposition or within 14 days after receipt of a deposition transcript. If such designation is made during the deposition, the reporter shall separately transcribe those portions of the testimony so designated, bind therewith the Confidential or Highly Confidential exhibits (if any) referred to therein, and mark the face of the separately bound transcript with the words Confidential or Highly Confidential, as the case may be. During the 14-day period following the receipt of the deposition transcript, all transcripts and the information contained in them will be deemed to be Highly Confidential Information in their entirety under the terms of this Protective Order. Where practical, the party making a Confidential or Highly Confidential designation will indicate the pages or sections of the transcripts that are to be treated as such.

      6.     No Confidential Information may be disclosed to any person except the following:

      a.     any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

      b.     the parties in the above-captioned matter, including their employees and former employees; provided, however, that former employees may only be shown documents that (i) were authored by that former employee; or (ii) to which that person had access while employed by the relevant party;

      c.     counsel of record and other counsel for the parties and counsel's employees who are assisting with this litigation;

      d.     outside experts, consultants, and copying services working with counsel for the parties, who are requested by counsel, in good faith, to provide assistance in the conduct of this action;

    e.    the Court (including court reporters, stenographic reporters and other Court personnel); and

    f.    any other person as to whom the producing party agrees in writing (or as provided for in paragraph 14 of this Protective Order).

7.    No Highly Confidential Information may be disclosed to any person other than the producing party except the following:

    a.    any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

    b.    counsel of record and other counsel for the parties and counsel's employees who are assisting with this litigation;

    c.    outside experts, consultants, and copying services working with counsel for the parties, who are requested by counsel, in good faith, to provide assistance in the conduct of this action;

    d.    Employees and former employees of the party that produced such information; provided, however, that former employees may only be shown documents that (i) were authored by that former employee; or (ii) to which that person had access while employed by the relevant party;

    e.    the Court (including court reporters, stenographic reporters and other Court personnel); and

    f.    any other person as to whom the producing party agrees in writing (or as provided for in paragraph 14 of this Protective Order).

8.     No person not entitled to receive Highly Confidential Information pursuant to ¶ 7 herein shall be permitted to attend the portion of a deposition or hearing designated on the record as containing, or referencing exhibits that contain, Highly Confidential Information.

9.     Before making disclosure of Confidential or Highly Confidential Information to outside experts or consultants, the party must obtain an agreement in writing from such person reciting that he or she has read a copy of this Protective Order and agrees to be bound by its provisions, including, without limitation, that he or she will not use the Confidential or Highly Confidential Information for any purpose other than this litigation and will return all Confidential or Highly Confidential Information that has been provided to him or her at the conclusion of the litigation (including any appeals).

10.     Notwithstanding any other provisions of this Protective Order, nothing herein shall affect the ability of any receiving party to use information that another party has disclosed, or may hereafter disclose, to the receiving party in the ordinary course of business, regardless of whether a party designates such information as Confidential or Highly Confidential.

11.     Before filing or otherwise disclosing Confidential or Highly Confidential Information to the Court, the parties will seek approval and instructions, which they will thereafter follow, from the Court as to how such information shall be handled for purposes of such filings or disclosures.

12.     No party shall be obligated to challenge the propriety of the designation of any Confidential or Highly Confidential Information and a failure to do so shall not preclude any subsequent objection to any such designation or any motion to seek permission to disclose such Confidential or Highly Confidential Information to other persons or modify the provisions of this Protective Order.

13.     Any party may at any time notify the other party, or, if applicable, a non-party, in writing, or in the case of a deposition, either upon the record of a deposition or in writing later, of its objection to the designation of any material as Confidential or Highly Confidential. In that event, the challenging and designating parties shall attempt to resolve any disputes on an informal basis. If the dispute cannot be resolved, either the designating party or challenging party may, on reasonable notice, apply for an appropriate ruling from the Court. The material in issue shall continue to be treated as designated until the Court orders otherwise.

14.     If counsel for a party receiving Confidential or Highly Confidential Information desires to disclose it to any person other than those referred to in paragraphs 6 and 7, such counsel shall give written notice to counsel for the designating party. Such written notice shall specify the information counsel wishes to disclose and the identity of each person or categories of persons to whom such disclosure is sought to be made. In that event, the parties shall attempt to resolve the request informally. If the request cannot be resolved, the requesting party, upon reasonable notice, may move for an order of the Court permitting the disclosure of such material to such person. The Confidential or Highly Confidential Information shall not be disclosed unless and until the Court orders that it is non-confidential or orders that its disclosure to any such person is permissible.

15.     Inadvertent production of any document or information without a designation of "Confidential" or "Highly Confidential" will not be deemed to waive a party's claim to its confidential nature or estop that party from designating the document or information as "Confidential" or "Highly Confidential" at a later date. Disclosure of the document or information by the other party prior to such later designation shall not be deemed a violation of the provisions of this Protective Order.

16.     During and after the conclusion of this litigation, including any appeals, the restrictions on communication and disclosure set forth in this Protective Order shall continue to be binding upon the parties and all other persons to whom Confidential or Highly Confidential Information has been communicated or disclosed pursuant to the provisions of this Protective Order or any other order of any applicable court.

17.     Within sixty (60) days after the final termination of this action, each party, upon the request of the other party, shall return to the other party all Confidential and Highly Confidential Information designated by the other party (including any such information disclosed to third persons), except for any attorneys' work product and except for any such material that has become part of the Court record.

**[DOCUMENT CONTINUES ON NEXT PAGE]**

18.     Nothing in this Protective Order shall prevent either party from seeking amendments broadening or restricting the rights of access to or the use of Confidential and Highly Confidential Information or otherwise modifying this Protective Order.  The parties may present mutually agreeable amendments to this Protective Order for consideration by the Court by filing a stipulation to be "so ordered."

ORDERED this 14th day of _December_ 2006.

_____
UNITED STATES DISTRICT
COURT JUDGE

AGREED TO & STIPULATED:

Dated:    December 11, 2006

 s/ John P. Gilligan_____
John P. Gilligan        (0024542)
TRIAL ATTORNEY
SCHOTTENSTEIN, ZOX & DUNN CO., L.P.A.
250 West Street
Columbus, Ohio 43215
Tel:  (614) 462-2700
Fax:  (614) 462-5135
Email: jgilligan@szd.com

Trial Attorney for Defendant Kia Motors of America, Inc.

OF COUNSEL:

Steven D. Forry (0075520)
SCHOTTENSTEIN, ZOX & DUNN CO., L.P.A.
250 West Street
Columbus, Ohio 43215
Tel:  (614) 462-2700
Fax:  (614) 462-5135
Email: sforry@szd.com

Colm A. Moran (Calif. 202685) (*pro hac vice*)
Kirkpatrick & Lockhart Nicholson Graham LLP
10100 Santa Monica Blvd.
Seventh Floor
Los Angeles, CA  90067
Tel:  (310) 552-5042
Fax:  (310) 552-5001
Email:  cmoran@klng.com

Attorneys for Defendant Kia Motors of America, Inc.

 s/ R. Craig Spickard  (per written authority)
W. Douglas Moody, Jr. (admitted *pro hac vice*)
R. Craig Spickard  (admitted *pro hac vice*)
MYERS & FULLER, P.A.
2822 Remington Green Circle
Tallahassee, FL 32308
Telephone: (850) 878-6404
Facsimile: (850) 942-4869
E-mail:  dmoody@dealerlawyer.com
cspickard@dealerlawyer.com

Stuart Benis, Esq.
326 High Street, Suite 300
Columbus, Ohio 43215
Telephone: (614) 463-1551
Facsimile: (614) 463-1555
E-mail:  stubenis@aol.com

Counsel for Plaintiff
Chesrown Kia of Newark, Inc.